IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TRANS-HIGH CORPORATION, d.b.a. HIGH TIMES MAGAZINE,
THE DAILY DOOBIE, LLC, a corporate entity; and
THE HEMP CONNOISSEUR, LLC, a corporate entity;

    Plaintiffs,

v.

THE STATE OF COLORADO; and
JOHN HICKENLOOPER, in his official capacity as Governor of Colorado;

    Defendants.

___

**COMPLAINT**
___

Plaintiffs, by their attorneys David A. Lane and Darren M. Jankord of the law firm of KILLMER, LANE & NEWMAN, LLP, hereby submit this COMPLAINT for declaratory and injunctive relief. The Plaintiffs allege for their Complaint, as follows:

### I. INTRODUCTION

1. This is a civil rights action for injunctive relief arising under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, *et seq*, and for attorney fees pursuant to 42 U.S.C. § 1988, due to Defendant's current and imminent violations of Plaintiffs' rights guaranteed under the First Amendment to the United States Constitution.

2. Plaintiffs are all marijuana-related publications and request immediate relief from the content-based restrictions Defendants have placed upon them by enacting Section 12.43.4-202(3)(2)(II) of House Bill 13-1317, in violation of Plaintiffs' Constitutional rights.

3. The statute in question unlawfully infringes on Plaintiffs' First Amendment rights to distribute political speech. The legislation in question limits the distribution of any magazines "whose primary focus is marijuana or marijuana businesses" be limited in their circulation and distribution by requiring that they be sold only in "in retail marijuana stores or behind the counter in establishments where persons under twenty-one years of age are present." This unlawful content-based restriction on free speech forms the basis of this action.

## II.   JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court is authorized to grant the declaratory relief requested herein pursuant to 28 U.S.C. § 2201(a).

5. Venue is proper in the District Court of Colorado pursuant to 28 U.S.C. § 1391.

## III.   PARTIES

6. Plaintiffs are corporations which are engaged in the business of publishing magazines whose "primary focus is marijuana or marijuana businesses" (*See* Section 12.43.4-202(3)(2)(II) of House Bill 13-1317) and accordingly are subjected to and restricted by the law at issue. Plaintiff "High Times" is incorporated in New York and the other plaintiffs are Colorado corporations. Plaintiff High Times has been selling marijuana related magazines unencumbered by any legal restrictions throughout the United States since 1974.

7. Defendant Colorado by and through Defendant Hickenlooper, in his official capacity as Governor of Colorado, is a state actor, whose actions represent the

State of Colorado. Colorado and Governor Hickenlooper acted under color of state law at all times relevant to this Complaint.

### IV. FACTUAL BACKGROUND

8. Plaintiffs bring this action for the constitutional injuries they are sustaining, and imminently will sustain, upon Defendants' unjustified and over-broad restrictions on Plaintiffs' First Amendment rights. The Defendants, acting under color of state law, have placed undue and burdensome restrictions on the placement and display of Plaintiffs' marijuana-based publications, based on their content, in violation of Constitutional law.

9. On May 28, 2013, Governor Hickenlooper signed House Bill 1317 into law. The Legislative summary states the law "creates the regulatory framework for retail marijuana," which was legalized in the state of Colorado by popular referendum in 2012 via Amendment 64. The summary also states that the bill "requires the state licensing authority to promulgate rules" to deal with new regulations regarding the sale and consumption of marijuana.

10. Plaintiffs' take issue with one section of HB 13-1317, specifically 12-43.4-202 – Powers and duties of state licensing authority on regulating marijuana – Section (3)(c)(II):

> REQUIRING THAT MAGAZINES WHOSE PRIMARY FOCUS IS MARIJUANA OR MARIJUANA BUSINESSES ARE ONLY SOLD IN RETAIL MARIJUANA STORES OR BEHIND THE COUNTER IN ESTABLISHMENTS WHERE PERSONS UNDER TWENTY-ONE YEARS OF AGE ARE PRESENT.

11.     By imposing these content-based restraints on the speech by prohibiting Plaintiffs' from freely distributing and publicizing their message, Defendants are depriving Plaintiffs of their rights to free speech and the public's right to hear a speaker, which are guaranteed by the First Amendment to the United States Constitution and were protected under law until this statute went into effect.

12.     Defendant is enforcing or stands ready to enforce the provision at issue. Plaintiffs seek a declaration of unconstitutionality as of Section 12.43.4-202(3)(2)(II) of House Bill 13-1317 and request immediate injunctive relief to prevent Defendants from enforcing this restraint on free speech.

13.     The Plaintiff magazines publish articles about marijuana legislation and regulation as well as the uses both recreationally and medicinally of marijuana among other articles. The magazines carry political commentary and articles on a regular basis, all focused around the topic of marijuana.

14.     Plaintiffs do not sell or promote obscenity.

15.     Amendment 64 was passed by Colorado voters who intended to "regulate marijuana like alcohol."  However, publications "whose primary focus is alcohol or alcohol businesses" are not regulated or penalized the same way as Plaintiffs' marijuana-focused publications.

16.     This bill specifically targets the content of Plaintiffs' speech: marijuana.

17.     Plaintiffs' speech is largely and often political, focusing on new and changing marijuana legalization and legislation.

18. The restrictions in the distribution of Plaintiffs publications unduly restricts and inhibits access to this political speech by limiting Plaintiffs' marijuana-based publications to be openly displayed only in certain locations and hidden in others.

19. These restrictions unduly restrict and limit Plaintiffs' speech based on its content and are not narrowly tailored to serve any compelling government interest.

## V. STATEMENT OF CLAIMS

### §1983 and §1988 First And Fourteenth Amendment Violation – Unconstitutional Restraint on Free Speech

20. All statements of fact contained within this Complaint are hereby incorporated into this claim as though fully set forth herein.

21. The enforcement and operation of Defendants' restraint on Plaintiffs' speech violates the First amendment rights of the Plaintiffs, both to speak and listen to ideas surrounding matters of public concern, guaranteed by the First Amendment to the United States Constitution.

22. Defendants restrictions are not necessary or narrowly tailored to serve a compelling government interest.

23. Plaintiffs and the public at large who desire to engage in a protected exchange of ideas, will suffer irreparable harm if Defendants are not enjoined from unduly restricting Plaintiffs' speech.

## VI. PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that this Court:

a. Issue a declaratory judgment that the enforcement of Section 12.43.4-202(3)(2)(II) of House Bill 13-1317 by Defendant would deprive Plaintiffs of their

rights to free speech, in violation of the First Amendment to the Constitution of the United States;

  b. Issue an injunction against Defendants barring them from in any way enforcing the restraint on Plaintiffs' speech;

  c. Award Plaintiffs their costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

  d. Grant such other and further relief as this Court deems just and proper.

Dated this 29th day of May 2013.

        KILLMER, LANE & NEWMAN, LLP

        s/ David A. Lane_____
        DAVID A. LANE
        DARREN M. JANKORD
        1543 Champa Street, Suite 400
        Denver, CO  80202
        (303) 571-1000
        dlane@kln-law.com
        djankord@kln-law.com

        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2013, a true and correct copy of the foregoing COMPLAINT, was filed with the Clerk of Court using the CM/ECF system and was emailed to the Colorado Attorney General:

        s/ David A. Lane