IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TRANS-HIGH CORPORATION, d.b.a. HIGH TIMES MAGAZINE,
THE DAILY DOOBIE, LLC, a corporate entity; and
THE HEMP CONNOISSEUR, LLC, a corporate entity;

    Plaintiffs,

v.

THE STATE OF COLORADO; and
JOHN HICKENLOOPER, in his official capacity as Governor of Colorado;

    Defendants.

---

**BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

---

Plaintiffs, by their attorneys David A. Lane and Darren M. Jankord of the law firm of KILLMER, LANE & NEWMAN, LLP, hereby submit this Brief in Support of their Motion for Preliminary Injunction.

    **I.**    **INTRODUCTION AND BACKGROUND**

This is a civil rights action for injunctive relief arising under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, *et seq.*, as well as attorneys fees pursuant to 42 U.S.C. § 1988, due to Defendants' current and imminent violations of Plaintiffs' rights guaranteed under the First Amendment to the United States Constitution. Plaintiffs are seeking to enjoin Defendants from enforcing Section 12.43.4-202(3)(2)(II) of House Bill 13-1317, which unlawfully infringes on Plaintiffs' First Amendment rights to distribute political speech. The legislation in question limits the distribution of any magazines "whose primary focus is marijuana or

1

marijuana businesses" be limited in their circulation and distribution by requiring that they be sold only in "in retail marijuana stores or behind the counter in establishments where persons under twenty-one years of age are present." This unlawful content-based restriction on free speech forms the basis of this action.

The statute reads in relevant part:

HB 13-1317, specifically 12-43.4-202 - *Powers and duties of state licensing authority on regulating marijuana* - Section (3)(c)(II):

> REQUIRING THAT MAGAZINES WHOSE PRIMARY FOCUS IS MARIJUANA OR MARIJUANA BUSINESSES ARE ONLY SOLD IN RETAIL MARIJUANA STORES OR BEHIND THE COUNTER IN ESTABLISHMENTS WHERE PERSONS UNDER TWENTY-ONE YEARS OF AGE ARE PRESENT.

## II. PARTIES

Plaintiffs High Times, The Daily Doobie and The Hemp Connoisseur are businesses involved in the publication and distribution of magazines, sold either locally or nationally, related to marijuana. Defendants enacted and are prepared to enforce Section 12.43.4-202(3)(2)(II) of House Bill 13-1317, which unduly restricts Plaintiffs' ability to distribute their publications in violation of the First Amendment. Plaintiffs request immediate relief from the content-based restrictions Defendants have placed upon them in violation of their Constitutional rights.

### III.    LEGAL ARGUMENT

### PLAINTIFFS MEET THE PRELIMINARY INJUNCTION STANDARD IN A FIRST AMENDMENT CASE

Plaintiffs in a First Amendment case must meet four conditions to obtain a preliminary injunction: Plaintiffs must show that (1) they will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the Plaintiffs ultimately will prevail on the merits; (3) the threatened injury to the Plaintiffs outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest. *American Civil Liberties Union v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999) (citations omitted).

#### A.    Plaintiffs will suffer irreparable harm unless a preliminary injunction is issued

Plaintiffs distribute publications focused on the marijuana industry. Many of these publications discuss and educate the public on the current economic and political issues surrounding marijuana in the State of Colorado and elsewhere throughout the nation and world. Section 12.43.4-202(3)(2)(II) of H.B.13-1317 burdens and restricts the display and distribution of Plaintiffs' publications, harming and severely limiting the distribution of Plaintiffs' ideas and speech, and the public's accessibility to this speech.

Where First Amendment rights are burdened, there is a presumption of irreparable harm. *See Cmty. Communications v. City of Boulder*, 660 F.2d 1370, 1376 (10th Cir. 1981); *Johnson*, 194 F.3d at 1163. The reason for the presumption is self-evident. As the Supreme Court stated, "[t]he loss of First

Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976); *see also Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1076 (10th Cir. 2001) (court assumes irreparable injury where there is a deprivation of speech rights). The content-based, burdensome restrictions on Plaintiffs' speech are manifestly a loss of First Amendment freedoms and the injury is irreparable.

### B. Plaintiffs will likely succeed on the merits of their First Amendment Claim

The second condition--likelihood of success on the merits--plays a decisive role in a First Amendment case. But once plaintiffs have shown that their freedom of speech is burdened, "the probability-of-success requirement may be somewhat relaxed." *Cmty. Communications*, 660 F.2d at 1375. Because Defendants' infringement of Plaintiffs' First Amendment rights is neither justified by a compelling state interest nor is it narrowly tailored to meet that interest, Plaintiffs will likely succeed on the merits of their First Amendment Claim.

The Supreme Court has ruled that "[t]he distribution of magazines is presumptively protected by the First Amendment." *Pope v. Illinois*, 481 U.S. 497, 507 (1987). H.B. 13-1317 Section 12.43.4-202(3)(2)(II) imposes burdens on the distribution and display of Plaintiffs' speech based on its content – because its "primary focus is marijuana or marijuana businesses." "Because the Act imposes a restriction on the content of protected speech, it is invalid unless [Colorado] can demonstrate that it passes strict scrutiny--that is, unless it is justified by a compelling government interest and is narrowly drawn to serve that

interest." *Brown v. Entm't Merchs. Ass'n*, 131 S. Ct. 2729, 2738 (2011) (citations omitted); *See also United States v. Playboy Entm't Group*, 529 U.S. 803, 818 (2000) ("It is rare that a regulation restricting speech because of its content will ever be permissible.")

Presumably Defendants' interest in enacting the statute is to protect children under the age of twenty-one from viewing or purchasing magazines that discuss the politics and business of marijuana. However, the Supreme Court has ruled, "[w]here the designed benefit of a content-based speech restriction is to shield the sensibilities of listeners, the general rule is that the right of expression prevails, even where no less restrictive alternative exists." *Playboy* at 813; *See also Erznoznik v. Jacksonville*, 422 U.S. 205, 213-214 (1975) ("Speech that is neither obscene as to youths nor subject to some other legitimate proscription cannot be suppressed solely to protect the young from ideas or images that a legislative body thinks unsuitable for them.") Colorado undoubtedly "possesses legitimate power to protect children from harm, but that does not include a free-floating power to restrict the ideas to which children may be exposed… Crudely violent video games, tawdry TV shows, and cheap novels and magazines are no less forms of speech than The Divine Comedy, and restrictions upon them must survive strict scrutiny." *Brown v. Entm't*, 564 U.S. __, 131 S. Ct. at 2736-37, fn. 4 (2011) (citations omitted).

In enacting this legislation, the State has essentially treated marijuana related magazines as pornography.  However, even pornography distribution enjoys more freedom than this statute permits.  Requiring that marijuana

5

magazines only be placed, "behind the counter in establishments where persons under twenty-one years of age are present" is an unconstitutional limitation on the distribution of Plaintiff's publications because it is not "so narrowly drawn that it has only an incidental effect on the booksellers' right to sell adult materials and an adult's ability to purchase them." *Id.* at 785 (citing *M.S. News Co. v. Casado*, 721 F.2d 1281 (10th Cir. 1983)).  Defendants cannot demonstrate that their display restrictions and regulations are necessary to serve a compelling state interest. *See id.* at 784 (finding "only reasonable regulations of the time, place, and manner of protected speech, where those regulations are necessary to further a compelling government interest, are permitted by the federal and state constitutions.")

Amendment 64 was passed by Colorado voters in order to "regulate marijuana like alcohol."  By analogy, publications whose primary focus is alcohol, which is also illegal for persons under the age of twenty-one, do not have the same or even similar restrictive distribution and display provisions as publications whose primary focus is marijuana. The state surely has an equal interest in protecting underage persons from drinking alcohol as it does of protecting persons from using marijuana, but obviously neither interest can be accomplished through content-based restriction of speech.

**C.     Plaintiffs' Harm is outweighed by any alleged harm to Defendants**

The balance of harms test will most often be met once a First Amendment plaintiff demonstrates a likelihood of success on the merits.  A threatened injury to plaintiffs' constitutionally protected speech will usually outweigh the harm, if

6

any, the defendants may incur from being unable to enforce what is in all likelihood an unconstitutional statute or directive. *See Johnson*, 194 F.3d at 1163.

As discussed above, Plaintiffs can and have demonstrated a likelihood of success given the unprecedented and over-broad restriction Section 12.43.4-202(3)(2)(II) of House Bill 13-1317 places on Plaintiffs. Defendants cannot demonstrate harm in permitting the free exchange of ideas by lifting the restrictions on the free access to Plaintiffs publications, even if they find the topic objectionable. Accordingly, the balance of harms tests favors the Plaintiffs.

### D.     Plaintiffs' requested injunction serves the public interest

Plaintiffs can satisfy the "public interest test" because enactment and enforcement of Section 12.43.4-202(3)(2)(II) of House Bill 13-1317 burdens both Plaintiff's and the public's free speech rights.  Injunctions blocking state action that would otherwise interfere with First Amendment rights are consistent with the public interest. *Elam Constr. v. Reg. Transp. Dist.,* 129 F.3d 1343, 1347 (10th Cir.1997)("The public interest...favors plaintiffs' assertion of their First Amendment rights."); *Utah Licensed Beverage Ass'n*, 256 F.3d at 1076; *Johnson,* 194 F.3d at 1163; *Local Org. Comm., Denver Chap., Million Man March v. Cook*, 922 F. Supp. 1494, 1501 (D. Colo. 1996).  Furthermore, as mentioned *supra*, because Amendment 64 was passed by popular referendum by Colorado voters who wanted to "regulate marijuana like alcohol," putting these additional restrictions on marijuana that do not exist for alcohol is contrary to the intent of

7

Amendment 64 and the public interest in Colorado. Therefore Plaintiffs requested relief is in the public interest.

## V. CONCLUSION

For the reasons stated, Plaintiffs respectfully request that this Court grant their Motion for a Preliminary Injunction. The First Amendment tolerates no lesser result.

Dated this 29th day of May 2013.

> KILLMER, LANE & NEWMAN, LLP
>
> s/ David A. Lane
>
> **DAVID A. LANE**
> **DARREN M. JANKORD**
> 1543 Champa Street, Suite 400
> Denver, CO  80202
> (303) 571-1000
> dlane@kln-law.com
> djankord@kln-law.com
>
> ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2013, a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION, was filed with the Clerk of Court using the CM/ECF system and was emailed to the Attorney General of the State of Colorado:

> s/ David A. Lane